JENKINS *v.* PACKINGTOWN REALTY COMPANY.

Opinion delivered February 16, 1925.

WILLS—DEVISE TO SON AND WIFE WITH REMAINDER TO "THEIR CHILDREN."—A devise to a son and wife for their lives with remainder to "their children," there being no children of such marriage at the testator's death, did not include the children of the son by a former marriage, but created a contingent remainder in the children of the devisees which became vested upon the coming into being of a child of such union.

Appeal from Jefferson Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*F. G. Bridges, W. T. Wooldridge* and *U. J. Cone,* for appellant.

The words "their children" as used in the will included the children of the first marriage of James Hayes Jenkins. 40 Cyc. § 1451; 9 Tex. Civ. App. 482, 30 S. W. 929; 79 Pa. St. 43 and cases cited; 73 Atl. 939; 78 Atl. 58; 64 Atl. 598; 85 Pac. 886; 29 Pa. Sup. Ct. 60, 215 Pa. 344; 175 S. W. 1 (Ky.); 90 Ark. 520. Hazel Brumson Jenkins, having been born four years after the death of the testator, did not take anything under the will, since the estate devised vested immediately after the death of the testator 40 Cyc. 1052. 15 Ark. 632; 90 Ark. 152; 104 Ark. 439; 129 Ark. 250; 104 Ark. 439, 448; 28 R C. L. p. 321, § 192; 68 Ark. 369, 375, 376; 115 Ark. 9.

*Rowell & Alexander* and *Coleman & Gantt,* for appellees.

The will gave a life estate in the land in question to James Hayes Jenkins and Josephine, his wife, with remainder to their children, that is, to the children common to both of them. This remainder interest vested immediately in Hazel Brunson Jenkins, when he was born. As the life tenants are now dead, the appellees, who hold under Hazel Brunson Jenkins, are the owners in fee simple. 187 Mass. 141, 72 N. E. 935; 200 Mass. 77, 85 N. E. 886; 225 Mass. 427, 114 N. E. 711; 68 N. H.

298, 44 Atl. 520; 76 Tex. 293, 13 S. W. 312; 174 N. C. 337, 93 S. E. 842; 75 N. C. 176; 66 N. W. 596; 117 Ind. 380; 20 N. E. 264; 78 N. Y. 275. Under a devise to A and B, his wife, with remainder in their children, the children *in esse* at the death of the testator take a vested interest subject to open up and let those afterwards born before the period of distribution  40 Cyc. 1480; 3 Thompson on Real Property p. 191; *Id.* 209; 106 N. E. 879; 73 U.S. 458, 18 L. Ed. 869; Tiedeman, Real property, § 302; 2 Washburn, Real Property, § 1551; 19 N. E. 539; 247 Ill. 543, 93 N. E. 344.

McCULLOCH, C. J.    Nathan Jenkins, the grandfather of appellant, Nathan T. Jenkins, was, at the time of his death in the year 1868, the owner of a tract of land in Jefferson County, near the city of Pine Bluff, containing 445 acres, and he left his last will and testament whereby he devised the east half of said property as follows:

"I will and devise the east half of my said plantation to my son James Hayes Jenkins and his wife Josephine, to hold, use and occupy and enjoy for and during the term of their natural lives, for the support and education of their children, and, after their death, to be equally divided between their children, share and share alike."

The west half of said plantation was, by the terms of said will, devised to the testator's son William H. Jenkins and his wife, Sarah Jenkins, "to hold, use and occupy and enjoy during the term of their natural lives, for the education of their children, and, after their death, to belong to their children, share and share alike."

James Hayes Jenkins, the son of the testator, intermarried with Josephine Mitchell on December 12, 1866, and there was one child, the issue of that marriage, a son, Hazel Brunson Jenkins, who was born March 19, 1872, and died August 26, 1913.    James Hayes Jenkins had six children by a former marriage, five of whom were living at the time of the death of the

testator, and one died a few years later, leaving four, including appellant, and two of them conveyed to appellant whatever interest they might have in the lands in controversy. Josephine Jenkins and her son, Hazel Brunson Jenkins, executed to appellee Packingtown Realty Company a deed conveying their interest in the property, and subsequently that grantee executed to appellee Bain Manufacturing Company a deed conveying fifteen acres of the land. James Hayes Jenkins died on January 3, 1878, and Josephine Jenkins died on June 18, 1922. This action was then instituted by appellant against appellees, Packingtown Realty Company and Bain Manufacturing Company, in the circuit court of Jefferson County, setting forth the above facts and praying for the recovery of an undivided three-fourths interest in said property, and for rents and profits by way of damages. The cause was transferred to the chancery court on the answer and cross-complaint of each of the appellees praying that their title be confirmed. The chancery court, on hearing the cause, rendered a decree dismissing appellant's complaint for want of equity, and he has prosecuted an appeal to this court.

It is the contention of the appellant that the words "their children," as used in the will of Nathan Jenkins, included the children of James Hayes Jenkins by his first marriage, and did not include Hazel Brunson Jenkins, who was not born until after the death of the testator; that the effect of the language was to devise a remainder in fee to the said children of James Hayes Jenkins.

On the other hand, it is contended by appellees that the language of the will did not include the children of James Hayes Jenkins by the former marriage, but only included the issue of James Hayes Jenkins and his wife Josephine; that the remainder in fee became vested in Hazel Brunson Jenkins, and that it passed under the conveyance of the latter to appellees. The appeal calls for an examination of the questions thus raised.

There is a division in the authorities bearing on the interpretation of the language of this will. Counsel for appellant cite authorities which support their contention that the words "their children" include the children of a former marriage, but we are of the opinion that this view is contrary to better reason as well as to the weight of authority. *Crapo* v. *Pierce,* 187 Mass. 141; *Crandall* v. *Ahearn,* 200 Mass. 77; *Hersam* v. *Aetna Life Ins. Co.,* 225 Mass. 425; *Aetna Mutual Life Ins. Co.* v. *Clough,* 68 N. H. 298; *Evans* v. *Opperman,* 76 Tex. 293; *Brown* v. *Aetna Life Ins. Co.* 174 N. C. 337. The plain meaning of the language is that it relates to the issue of the intermarriage between the two persons mentioned, and not to all of the children of either of the persons so named. As said by the Massachusetts court, in the first of the decisions of that court cited above, the phrase "their children" must be read collectively and not distributively, hence it must be construed to relate to the issue of that particular intermarriage. In other words, the language of the devise is construed the same as if it had said that the property should be equally divided between children who were born of the marriage of James Hayes Jenkins and his wife Josephine. It is the contention of counsel for appellant that even this interpretation of the will does not help the cause of appellees, for the reason that their grantor, Hazel Brunson Jenkins, was not born until after the death of the testator, and that this rendered the devise of the remainder void, and that the title reverted to the heirs of the testator. We do not agree with that conclusion, but, on the contrary, we think that the language used by the testator presents a case of a devise in remainder to a class of persons, whether in being at the time or not, and that the remainder vested immediately upon the coming into being of any one of. that class. In other words, we think that the case is one which falls within the rule announced by the Supreme Court of the United States in *Doe* v. *Considine,* 6 Wall. (U. S.) 458, as follows:

"A devises to B for life, remainder to his children, but, if he dies without leaving children, remainder over, both the remainders are contingent; but, if B afterwards marries and has a child, the remainder becomes vested in that child, subject to open and let in unborn children, and the remainders over are gone forever. The remainder becomes a vested remainder in fee in the child as soon as the child is born, and does not wait for the parent's death, and, if the child dies in the lifetime of the parent, the vested estate in remainder descends to his heirs."

This rule finds support among all the text writers. 3 Thompson on Real Property, pp. 191, 209; Tiedeman, Real Property, § 302. Mr. Washburn states the rule as follows:

"Thus, upon the grant of an estate to A, with a remainder to his children, he having none at the time, the remainder will, of course, be a contingent one. But the moment he has a child born, the remainder becomes vested as fully as if it had originally been limited to a living child." 2 Washburn, Real Property, § 1551.

It seems to be the contention of both parties in the case that an estate for life was devised under the will to James Hayes Jenkins and his wife Josephine. It is unimportant, we think, whether this is true or whether a trust was created. In either event the title vested in fee upon the coming into being of one of the members of the class mentioned.

Counsel for appellant, in their contention that the will did not include after-born children, rely upon the decision of this court in *Wyman* v. *Johnson,* 68 Ark. 369, but we do not think that the decision in that case is applicable. In that case members of the class mentioned in the will were in being at the time of the execution of that instrument, and, there being nothing to indicate an intention of the testator to include after-born children, it was held that they were not included in the devise. In the present case there was no person in being coming

within the class mentioned in the devise, and, in order to give any effect at all to the devise, it must be presumed that the testator intended to include after-born children of James Hayes Jenkins and his wife Josephine. It is our duty, if it can reasonably be done from the language used, to give some effect to the devise, and to do so we must say that it was intended to include after-born children.    Our conclusion therefore is that the title passed under the will to Hazel Brunson Jenkins, and from him to appellees under his deed to the latter.

There are other questions raised in the case, but it is unnecessary to discuss them, inasmuch as the conclusion hereinbefore announced completely settles the rights of the parties.

Decree affirmed.