NATIONAL BANK OF COMMERCE *v.* RITTER.

Opinion delivered March 31, 1930.

440

*G. B. Segraves,* for appellant.

*J. G. Waskom* and *N. F. Lamb,* for appellees.

HART, C. J., (after stating the facts). It is conceded that the only question presented by the appeal is whether L. V. Ritter has a vested interest under the terms of his father's will which may in equity be subjected to the payment of appellant's judgment against him. Counsel for appellant insist that the proper interpretation of the

will is that L. V. Ritter took under the will a vested remainder upon the death of the testator, and that his interest could be sold under execution issued in favor of appellant under its judgment against him during the life estate of the widow. On the other hand, counsel for appellee insist that L. V. Ritter took only a contingent interest under the will in his father's estate depending upon his outliving the life tenant.

The correctness of the decree of the chancery court, therefore, depends entirely upon what estate the remaindermen took under the will. It is a cardinal rule in the construction of wills that the intention of the testator should be carried out, and that the intention must be gathered from the will itself whenever it is possible to do so. The general plan of the will is to be considered by reading all of its provisions together, so that the intention of the testator may be gathered from the language he used, and the court may not substitute a new will for the one so made. It has been frequently said that it is the uncertainty of the right of enjoyment, and not the uncertainty of its actual enjoyment, which renders a remainder contingent.

It is clear from the provisions of paragraph 10 of the will that the testator did not intend that his sons or daughter, living when he made his will but not living when his widow died, should take any interest in his estate, that he or she should dispose of in the meantime, cutting off the other children. The will expressly provides that the children of the dead sons or daughter shall take and be substituted *per stirpes,* and not *per capita* for their parents. This would be impossible if the parents of such children could convey away their contingent share in the estate or if the same could be sold under execution against such parent during the period of the life estate. By the express language of paragraph 10 of the will, unless L. V. Ritter survived his mother, whatever interest he would have taken in that event went to his issue who were substituted in his place under the

will. Harry Ritter is unmarried, and has no issue. If he should die without issue before the widow, his interest would revert to the estate. Under the terms of the will, there can be no termination of the trust until the death of the widow, and the settlement or distribution of the estate cannot take place until that time. Hence, it is a case where the persons who may take under the will are uncertain and cannot be known until the death of the widow occurs. The children do not take a vested remainder, but a contingent one. The objects of the trust, as created by the testator, have not been accomplished and will not be accomplished until the death of the widow.

Until that event occurs, it cannot be known who will be the beneficiaries under the will. L. V. Ritter has no interest which he could convey, because it is not certain what his interest will be, if any, until the death of his mother, and it is clear that no sale could be made under execution against him of any greater interest than he could convey by deed or will. Page on Wills, (2d Ed.) vol. 2, § 1119; *Liberty Central Trust Co.* v. *Vaughan,* 167 Ark. 219, 267 S. W. 361; *Eversmeyer* v. *McCollum,* 171 Ark. 117, 283 S. W. 379; *Hurst* v. *Hildebrandt,* 178 Ark. 337, 10 S. W. (2d) 491.

Counsel for appellant rely upon the case of *Jenkins* v. *Packingtown Realty Co.,* 167 Ark. 602, 268 S. W. 620. In that case there was a devise to a son and wife for their lives with remainder to their children. There was a contingent remainder in the afterborn children of the devisees, which became vested upon the coming into being of a child of such union.

In the present case the estate in remainder is limited to take effect upon the death of the widow, and it is limited to such of the children designated in the will as shall be living at her death. Whether any of such claims will vest, or, if so, how many, is uncertain and cannot be known until the event occurs. *Augustus* v. *Sebolt,* 3

444

Met. (Ky.) 155; and *Brandenburg* v. *Thorndike*, 139 Mass. 102, 28 N. E. 575.

Therefore, the decree will be affirmed.