SMITH v. THOMAS.

4-3675

Opinion delivered February 4, 1935.

Snodgress & Snodgress, for appellants.

Lee Miles, for appellee.

SMITH, J. Appellants filed a complaint in the Pulaski Chancery Court which contained the following allegations. Plaintiffs, who are husband and wife, were the owners, on and prior to the ............ day of ........................, 193...., of the tract of land there described, which was sold pursuant to a decree ordering the foreclosure of a mortgage thereon which they had given appellee, the defendant below. This decree adjudged the amount of the indebtedness so secured to be .$1,400, whereas "prior to the time of the filing of said foreclosure suit and on October 1, 1930, the defendant" (in the foreclosure suit), "L. A. Smith, had paid on said mortgage the principal sum of $800, together with the sum of $114 interest and all other items incident to the renewal of said mortgage balance, and the same was then and there agreed to be renewed by the authorized agent of the defendant" (in the instant suit) "for a period of three years from July 11, 1933, the date of the maturity of said debt, thereby extending the payment of the balance of $600 until July 11, 1933." A receipt was attached to the complaint marked Exhibit A, which reads as follows:

"10/1/1930.

"Rec'd of L. A. Smith Nine Hundred Forty 60/100 Dollars, $800 on note—Bro.—$18—Rec. & Sat. $2.25. Abs. $5.75, Int. $114.60.

"$940.60."                                         "W. S. Holt."

The complaint further alleged: "That soon after said payment, named in the receipt, copy of which is attached hereto as Exhibit A and made part hereof, the said W. S. Holt died and defendant lost said receipt and was therefore unable to present the same at the trial of the foreclosure suit, only having found said receipt a few days ago in an old book of poems at his home; that at the time of the chancery court trial, and before said sale and confirmation, defendant informed the court and his counsel and counsel for the plaintiff in that cause that he had made payment to the agent of the defendant herein, and that same was made upon the agreement that balance of the sum of $600 would be renewed three years from July 11, 1930, but that he could not find the lost receipt; that he again notified all parties when his lands were advertised for sale that he had a receipt showing payment and renewal and was told that, if found, it would be duly credited, and upon that belief plaintiff had no other course left open to him except to permit said sale to proceed."

A demurrer was sustained to this complaint by the same chancellor who had rendered the original decree of foreclosure. We think the demurrer was properly sustained. The complaint contains no allegation that any unavoidable casualty prevented the making of the defense that the debt had been paid in part. Indeed, the allegations of the complaint completely negative that plea. It is alleged that the plaintiff here knew of this payment and so advised his attorney and the court, presumably in the answer which was filed or which might and should have been filed. There is no allegation that a continuance was asked at the original hearing for time to make search for the receipt or to produce evidence of its existence. Proof of payment might have been offered, even though the receipt was lost. At any rate, no

defense to the foreclosure suit now exists which was not known in time to have been interposed and passed upon before the decree of foreclosure was rendered. Appellants are asking now to be permitted to make the defense which should have been interposed in the time and manner provided for orderly pleadings and procedure.

There must be an end to litigation. When one is sued, he must interpose such defenses as he has unless, by unavoidable casualty, he is prevented from so doing; as has been said, it affirmatively appears from the allegations of the complaint, to which the demurrer was sustained, that appellants failed to avail themselves of the opportunity to make the defense they now offer.

In the case of *Robertson* v. *Evans,* 180 Ark. 420, 21 S. W. (2d) 610, it was said that: ''The test in determining a plea of *res judicata* is not alone whether the matters presented in a subsequent suit were litigated in a former suit between the same parties, but whether such matters were necessarily within the issues and might have been litigated in the former suit.'' Previous cases to the same effect were there cited.

The instant case is unlike that of *Union Savings Bldg. & Loan Ass'n* v. *Grayson, ante* p. 62. There a consent decree of foreclosure with order of sale was vacated and set aside at a subsequent term of court for ''unavoidable casualty or misfortune preventing the party from appearing and defending,'' under the provisions of subdivision 7 of § 6290, Crawford & Moses' Digest; but in that case it was shown that the decree had been rendered by consent based upon an agreement between the parties to the effect that the commissioner appointed in the decree to make the sale should execute a deed to the defendant for a definite sum of money, which, after the sale had been made to the plaintiff and not to the defendant, the plaintiff refused to accept. The court found that by reason of this agreement the defendant had refrained from prosecuting the meritorious defense which the answer alleged, and the agreement which the plaintiff refused to perform was said to constitute ''a casualty or misfortune'' within the meaning of the statute above referred to, which had prevented the defendant

"from defending when she might and would have done so." Here it is not alleged that the plaintiff in the foreclosure suit did anything to prevent the defendant in that suit from defending it. The parties, under the allegations of the complaint in this case, were dealing with each other at arms' length when their respective rights were being adjudicated.

It is alleged that appellants were told, after the lands had been advertised for sale, that if the receipt was found "it would be duly credited," but it was not alleged by whom or upon what authority this promise was made. But, even so, no objection was made to the confirmation of the sale, the report of which was duly approved and confirmed.

The demurrer to the complaint was therefore properly sustained, and the decree so ordering is affirmed.