DEENER *v.* WATKINS.

4-4034

Opinion delivered November 11, 1935.

*Brundidge & Neelly,* for appellant.

*Gordon Armitage* and *B. E. Taylor,* for appellees.

BUTLER, J. On February 17, 1928, W. D. Watkins was indebted to the Blanton Company, and, to evidence this indebtedness, on that date with his wife, Zula, executed a note secured by a deed of trust on an undivided one-fifth interest in two tracts of land situated in White

County, Arkansas. Suit was brought for judgment on the note, and for foreclosure of the mortgage. W. D. Watkins died, and the suit was revived in the name of his heirs. An answer and intervention were filed, which in effect defended on the ground that W. D. Watkins, the mortgagor, had no interest of any nature in the lands mortgaged which he could convey or encumber. This defense was based upon the provisions of the will of J. R. Coody, deceased, which, by clause 6 thereof, devised to Dora Watkins, his daughter, who is the mother of W. D. Watkins, the tracts of land mortgaged by said W. D. Watkins. This clause is as follows: "* * * give, devise and bequeath to my daughter, Dora Watkins, as her sole and separate property during her natural life and at her death to her children absolutely, the following real estate: (then follows the description)."

Mrs. Dora Watkins, the devisee in the will of her father, J. R. Coody, is still living and enjoying her life estate. The main question presented for the trial court's decision was whether, by the terms of the devise, W. D. Watkins, as one of the children of Dora Watkins, became seized of a vested remainder in the life-estate devised to his mother, or, was it contingent? The court found: "That, under the provisions of the will of J. R. Coody as interpreted by the court, the said Dora Watkins was bequeathed a life-estate in and to the said lands; that the remainder was bequeathed contingently by the said will to her children at her death; that the said W. D. Watkins had no such interest in the said lands; that the deed of trust in which he and his wife, Zula Watkins, undertook to incumber a part of the said lands is void, and should be cancelled, set aside and forever held for naught."

The appellant contends that the quoted devise created a vested remainder in W. D. Watkins by which he had a present interest in the lands devised, the enjoyment thereof being postponed until the termination of the particular estate. It is insisted that the conveyance involved is similar to that considered in the case of *Landers* v. *People's Building & Loan Association*, 190 Ark. 1072, 81 S. W. (2d) 917, and that this case is controlled

by that. In that case the general rule from Thompson on Real Property, vol. 3, page 193, is quoted as follows: "A vested remainder is a present interest which passes to a party to be enjoyed in the future, so that the estate is invariably fixed in a determinate person after a particular estate terminates. It is an estate to take effect after another estate for years, for life, or in tail, which is so limited that, if that particular estate were to expire or end in any way at the present time, some certain person who was *in esse* and answered the description of the remainderman during the continuance of the particular estate would thereupon become entitled to the immediate possession, irrespective of the concurrence of any collateral contingency. * * * A vested remainder exists where real estate is granted or devised to one for life with remainder to another at the death of the life tenant." Applying this rule to the conveyance in question in that case, the court held that it created a vested remainder. That conveyance was a deed by which the grantor conveyed certain land to his daughter, "Willie Milette, and the heirs of her body now born and that may be born unto her" * * *. After a description of the land, the deed continued: "The above property * * * I hereby give, convey and deliver to my said daughter during her life and her children, Leola Wooten Milette and Meredith Milette, now born, and to others that may be born unto her, share and share alike, equally and undivided, after the death of my said daughter, in fee simple forever * * *."

The distinguishing feature between the conveyance in the Landers case and that in the case at bar is that in the former there were *in esse* fixed and determinate persons in whom a present interest in the estate is fixed, namely, Leola Wooten Milette and Meredith Milette, who would become entitled to immediate possession of the estate on the determination of the particular estate. This interest could not be divested upon the happening of some contingency, but might be reduced only to the extent of the interest which might attach to other children of Willie Milette thereafter born. In the instant case the words used in the devise distinguishing those in whom

the remainder is created are not "heirs, or heirs of the body" as in the Landers case, but "children." In *Kelley* v. *Kelley,* 176 Ark. 548, 3 S. W. (2d) 305, we said: "Primarily, the term 'children' is a word of purchase and not one of limitation, and for that reason cannot be construed as an equivalent of the word 'heirs' or 'heirs of the body' unless there is something in the context showing that the testator intended to use the term in the sense of heirs. 'Children' is a broader term than the word 'heirs' and may include adopted children as well as the children of one's body." The devise of Mr. Coody created a remainder in uncertain persons which did not vest in any one during the life of Mrs. Dora Watkins, the life-tenant. A contingent remainder is concisely defined in 2 Blackstone, Com., page 168, as one "where the estate in remainder is limited to take effect either to a dubious and uncertain person or upon a dubious and uncertain event."

In *Horsley* v. *Hilburn,* 44 Ark. 458, the remainder was said to be contingent where the conveyance was to a certain person "and the heirs of her body that now are or may hereafter be born," and where the conveyance also provided that neither the person to whom the particular estate was conveyed or any of her children should have power to sell during the natural life of the grantor or until the youngest child of the first grantee shall arrive at full age. The court held: "The estate vested in the surviving children and their issue at the death of her mother and did not vest a remainder at all in any one during her life." It will be observed that no determinate person was named in whom the remainder might vest, as in the Landers case, but rather it is similar in import to the devise involved in the case at bar.

In *Watson* v. *Wolff, etc.,* 95 Ark. 18, 128 S. W. 581, it was held that a conveyance to "Martha Florence and to her bodily heirs" created a contingent remainder in the bodily heirs. In *National Bank* v. *Ritter,* 181 Ark. 439, 26 S. W. (2d) 113, the nature of the remainder interest was held to be contingent created by a devise to a trustee to pay the income to a designated beneficiary, and after the widow's death to divide the estate among

the testator's three children, providing that the issue of any deceased child should take the place of the parent, and that "the issue of any child dying without issue prior to the termination of the said trust shall lapse and revert to the estate," held that the children took a contingent remainder, it being uncertain who would take under the will until the death of the widow. These cases follow the application of the rule relative to contingent remainders made in *Horsley* v. *Hilburn, supra,* and support the construction placed by the court below on the quoted devise.

The decree therefore should be, and is, affirmed. For an extended discussion of the difference between vested and contingent remainders, reference is made to the late cases of *Hurst* v. *Hilderbrandt,* 178 Ark. 337, 10 S. W. (2d) 491; *Wallace* v. *Wallace,* 179 Ark. 30, 13 S. W. (2d) 810; and *National Bank* v. *Ritter,* 181 Ark. 439, 26 S. W. (2d) 113.