JERNIGAN, BANK COMMISSIONER v. DAUGHTRY.

4-4742

Opinion delivered October 11, 1937.

624

*Miles & Amsler,* for appellant.

*W. P. Beard,* for appellee.

BAKER, J. R. V. Daughtry brought this suit in eject-
ment to recover possession of 224.49 acres of land from
the Bank Commissioner held as part of the assets of the
American Exchange Trust Company, insolvent. Wil-
liam H. Eagle was the common source of title to this
property. He transferred it by deed to his daughter,
Martha M. Daughtry. The grant was "unto said Mar-
tha M. Daughtry and unto her bodily heirs forever."
This deed was executed on the 15th day of January,
1896. Thirty years later Mrs. Martha M. Daughtry and
R. V. Daughtry, one of her two sons, and his wife,
Beatrice, executed a mortgage, or deed of trust con-
veying this tract of land, and other lands to H. D. Case,
as trustee for J. B. Duncan Company. There was a
covenant of warranty warranting their ownership in
the following language, "free from all lien obligations,
of all incumbrances of every kind and character, free of
any instruments of writing affecting our title, and we
covenant to and with the said trustee, and also said

beneficiary or legal representative, that we have a perfect title to same."

As indicating the intention of the parties, the mortgage contained this expression, "224.49 acres of land, more or less, the entire interest of the said Martha M. Daughtry, whether for life or in fee simple, and the undivided one-half interest of the said R. V. Daughtry and his wife, Beatrice Daughtry, in and to the same, lying in Lonoke county, Arkansas"; also a further expression: "Above 220.49 acres of land Mrs. M. M. Daughtry has life estate then her heirs R. V. Daughtry and Will Daughtry will have full possession, according to deed."

The amount owing at the time of foreclosure of the said mortgage, not in dispute at this time, was in excess of seven thousand, five hundred dollars, but that is immaterial as the questions involved here are not affected in any manner by the amount of the debt secured. There was a controversy as to the amount at one time, and this arose when suit was filed to foreclose the mortgage and receiver was appointed to take charge of certain personal property.

R. V. Daughtry and his mother voluntarily entered their appearances and contested the right of the plaintiff to recover the amount sued for, and that question was determined by the decree of foreclosure, whereby other lands belonging to R. V. Daughtry were condemned and sold, as well as other property belonging to his mother. The tract in controversy here was also condemned for sale by the same decree, sold and purchased by J. B. Duncan Company, who by mesne conveyances transferred and conveyed the lands as owner until it came into the possession, by deed, of the Bank Commissioner.

It is unnecessary to set forth these several conveyances as they are not in dispute, except as affected by the decision of the main issue.

R. V. Daughtry claimed title to an undivided one-half interest in said land upon the death of his mother, as one of her two "bodily heirs" mentioned in the deed executed by his grandfather to his mother, the effect of which has been above set out. From a judgment of the

circuit court in favor of R. V. Daughtry, permitting the recovery of the above described tract of land comes this appeal by the State Bank Commissioner.

R. V. Daughtry, appellee, says that at the time of the execution of the above and foregoing mortgage, or deed of trust, he was the contingent remainderman, powerless to convey or transfer any interest in the contingent remainder in the property, which came to him upon the death of his mother; that his attempt so to convey was ineffectual and the mortgage was void insofar as it purported a conveyance thereof. He insists that the only thing conveyed was the life estate of his mother.

To support his position in this regard he relies upon the case of *Deener* v. *Watkins,* 191 Ark. 776, 87 S. W. (2d) 994.

(1) The appellant bank commissioner insists that the question now raised by the appellee was fully settled and adjudicated in the decree of foreclosure of the aforesaid mortgage; that Daughtry and his mother were then present in court, contesting claims asserted against them and that this matter, the validity of the mortgage covering this particular tract of land, was an issue therein, or at least might have been, and the adjudication in that case became conclusive upon all parties; and (2) that the conveyance made by R. V. Daughtry in the foregoing mortgage, if not effectual when made, became so, by reason of his warranties and assertion of ownership with power and right to convey, to pass or transfer his after-acquired title, for the benefit of his grantee and privies; and (3) that the appellee had asserted title and ownership with full right to convey and, having transferred, or attempted to do so, contemporaneous with such assertions of right and power to transfer, and having secured moneys, goods, wares and merchandise of considerable value on account thereof, and having permitted foreclosure and sale of the property, he is now estopped to assert his former incapacity to convey, or the invalidity of his mortgage, and will not now be heard to impeach such conveyance.

The original files in the foreclosure case cannot be found. The decree and the conveyances hereinbefore mentioned are set out in the record. Other proof is set forth in an agreed statement of facts. There is, therefore, no disagreement about the facts and our discussion will be confined to the legal principles involved in the determination of the rights of the parties. Preliminary to a discussion of the several phases of the case above mentioned, we suggest that our construction of the foregoing deed of trust or mortgage differs from the effect given to the said instrument by the appellee, who insists that in regard to this particular tract of land there was no attempt to convey more than the life estate belonging to Mrs. Daughtry, the mother of the appellee. We have already set forth above an extract from the mortgage, which indicated the intention of the parties, "the entire interest of Mrs. Martha M. Daughtry, whether for life or in fee simple, and the undivided one-half interest of the said R. V. Daughtry and his wife, Beatrice Daughtry." The parties themselves so explained their own act, and we do not find it within our power to say that when they added to said conveyance the declaration to the effect that "Mrs. Martha M. Daughtry has life estate and then her heirs, R. V. Daughtry and Will Daughtry, will have full possession, according to deed," this was a a limitation upon the amount of land which R. V. Daughtry intended to convey. True, one might examine the record of the deed referred to, and determine therefrom that R. V. Daughtry had only a contingent remainder in the property, but we do not think that it lies within his mouth at this time to assert that, although he had conveyed the one-half interest above, he was by the last quoted statement retracting and recanting and in effect advising the grantee, by this declaration, that he was powerless to transfer or convey. His description of the interest held by his mother, as set out in said conveyance, was not different from what it might have been, had he held a vested remainder instead of a contingent remainder in the same property.

(1) It is most strongly urged that in accordance with the principle announced in the case of *Deener* v.

*Watkins, supra,* the mortgage was void in so far as it affected the tract of land in controversy, and that, since the said mortgage was void, it was not effectual for any purpose; that all the proceedings of foreclosure, transfers and conveyances in no wise affected the right and interest of the appellee, and that he now takes the property, since the death of his mother and termination of her life estate, under the deed of his grandfather, and as one of the two bodily heirs of Martha M. Daughtry. Without attempting to analyze fully and completely the case of *Deener* v. *Watkins, supra,* a casual reading thereof would distinguish that case from the one under consideration, and without impairing the effect of the Deener case, but, after a reassertion of the principles announced there, we cannot give full effect to appellee's contention without running counter to other principles and established rules of substantive law equally cogent and effective, and much more in accord with a proper interpretation of the conduct of the parties than the judgment of the trial court. We said in the Deener case above, quoting with approval from *Horsley* v. *Hilburn,* 44 Ark. 458: " 'The estate vested in the surviving children and their issue at the death of her mother, and did not vest a remainder at all, in any one, during her life.' "

In another case, *National Bank of Commerce* v. *Ritter,* 181 Ark. 439, 26 S. W. (2d) 113, cited also in the Deener case, we said: " 'the interest of any child dying without issue prior to the termination of the said trust shall lapse and revert to the estate,' held that the children took a contingent remainder, it being uncertain who would take under the will until the death of the widow."

It must appear from an analysis of the foregoing decision, and the reasons therefor, that the contingent remainderman, prior to the death or termination of the life estate had no title. He might predecease the life tenant as happened in the Deener case, in which event the prospective title would never ripen into an actual title. Therefore, such a conveyance was ineffectual, more easily described perhaps as "void," but only under the conditions therein.

We declared the conveyance void in the Deener case because those interested in the title at the time the question could be litigated asserted their rights and presented the issue for a decision. Similarly, if R. V. Daughtry, appellee here, had at the same time that suit was brought to foreclose this mortgage, controverted the right of foreclosure, and the validity of his transfer, and the same question had come here on appeal that was raised in the Deener case above, it must necessarily have been decided according to the same principles, and that decision would have been reached prior to the time that the appellee was possessed of an after-acquired title, and would have been in the adjudication of the rights of all parties.

It is urged at this time that this matter was not an issue in that case. It did become an issue in the Deener case, above, upon an effort to foreclose and might well have become an issue in the same manner in the foreclosure of the mortgage affecting the lands in controversy.

There is no better settled principle in modern procedure than that of *res judicata* in the many typical cases recently decided by this court. But that principle is not new, though perhaps more clearly enunciated in the recent decisions. In the early case of *Hempstead & Conway* v. *Watkins, Adm'r of Byrd,* 6 Ark. 317, 42 Am. Dec. 696, this court announced that a decree or judgment of a court of competent jurisdiction operates as a bar to all defenses, either legal or equitable, which are interposed, or which could have been interposed in the former suit. It would be unnecessarily laborious, without a corresponding benefit, to attempt to set forth all the cases announcing or holding the rule just stated. A few will suffice.

"A judgment of a court of competent jurisdiction operates as a bar to all defenses, either legal or equitable, which are interposed, or which could have been interposed in the suit." *Church* v. *Gallic,* 76 Ark. 423, 88 S. W. 979.

The foregoing terse statement by Chief Justice Mc-CULLOCH was more elaborately announced by Mr. Justice HART in the case of *Taylor* v. *King,* 135 Ark. 43, 204 S. W. 614, as follows: "The decision of the chancellor was correct. In the first place, it may be said that the issues sought to be raised in this suit might have been litigated and decided in the suit to foreclose the vendor's lien on the land in controversy which was brought against these same defendants. The rule has been often announced in this court that the judgment or decree of a court of competent jurisdiction operates as a bar to all defenses, either legal or equitable, which were interposed or which could have been interposed in the former suit."

We followed the same authorities in the case of *Smith* v. *Thomas,* 190 Ark. 261, 78 S. W. (2d) 380, and numerous other cases.

We have already discussed the fact that Daughtry may have made the same defense as was made in the case of *Deener* v. *Watkins, supra,* had he proceeded at the time he successfully controverted the full amount of the indebtedness sued for. He was present in court and actively litigated his rights to the land in controversy, though he may not have raised the exact question as presented here. He is the same Daughtry, the appellee therein, and the bank commissioner is a privy of the same plaintiff or party to that suit. Both are equally bound by all the matters concluded and defenses that were interposed or might have been. If he elected to litigate only to the extent of reducing the amount of the lien affecting the lands, it was his privilege, and when he suffered a judgment or decree condemning this land for sale that decree was effectual to seize the rights he waived, though he might have successfully defeated plaintiff's recovery in that respect had he sought at that time to have done so.

(2) We have already said that the reason for declaring the contingent remainder void or ineffectual is because of the fact that the remainderman under the circumstances in the case of *Deener* v. *Watkins, supra,* did not have title to the property at the time of his convey-

ance, and in that case predeceased the life tenant, and, therefore, never had title. The situation is not essentially different from one wherein a person might attempt to convey property under circumstances and conditions making him a total stranger to the title of the property deeded by him, but if he conveyed by solemn deed and covenants of warranty, as in the case before us, there is no question but that an after-acquired title to property conveyed would inure to the benefit of his grantee. Such is the effect of our statute, § 1498, Crawford & Moses' Digest, as follows: "If any person shall convey any real estate by deed, purporting to convey the same in fee simple absolute, or any less estate, and shall not at the time of such conveyance have the legal estate in such lands, but shall afterward acquire the same, the legal or equitable estate afterward acquired shall immediately pass to the grantee, and such conveyance shall be as valid as if such legal or equitable estate had been in the grantor at the time of the conveyance."

In this case the appellant not only asserted by his conveyance in the mortgage in due form that he was the owner, but he further said that his title was "free of obligations and encumbrances of every kind and character, free of any instruments of writing, affecting the title, covenanted to and with the said trustee, and also said beneficiary or legal representative that he had perfect title to same." Mortgagors asserted, further, that no person had any claim of title, in writing or otherwise, and that the mortgagors had a right to sell, contract, convey or encumber the same.

Appellee argued that this is the printed part of the form of mortgage used. We appreciate that this is said only by way of argument, and further that there is nothing in the record to indicate that it was the printed or written-in portion of the mortgage. Albeit, it does not appear to be in conflict with any other part of the instrument, nor is there anything to indicate invalidity.

It is, also, argued that the mortgage is one written or prepared by J. B. Duncan Company. That fact is not disclosed by any evidence presented in the record, to

which our attention has been particularly called, but, if it be so, there is no ambiguous matter here to be construed. Words and expressions or sentences may be given their ordinary meaning or meaning commonly accepted, and the instrument will be easily understood without any construction, favorable or unfavorable to either party.

We have here a grantor declaring himself to have complete and perfect title in the property, deeding it to secure money and supplies to be advanced to him, obtaining an amount of money so large that he was unable to repay it so that the property had to be condemned, sold and purchased by his grantee, and now asserting that, at the time he made the conveyance he did not have title; that he has now acquired a title superior and paramount to the title of his grantee and privies and is suing for possession of the land on this after-acquired title.

We cannot repeal statutes and have no desire to make them ineffectual by judicial fiat. It must appear that the above quoted § 1498 of Crawford & Moses' Digest is applicable; because it applies to conveyances by mortgages.

That fact is made clear by an opinion rendered by Chief Justice COCKRILL in *Kline, Admr.,* v. *Ragland,* 47 Ark. 111, 14 S. W. 474. See *Broadway* v. *Sidway,* 84 Ark. 527, 107 S. W. 163, and the recent case of *Stone* v. *Morris,* 177 Ark. 745, 7 S. W. (2d) 796.

(3) It must become apparent to everyone acquainted with legal principles that estoppel might be well invoked under the facts set out above. To permit a grantor who contemporaneously with his conveyance, and as a part thereof to declare his title and ownership in property, his power and right and authority to convey, and by conveying obtain property, goods, wares and merchandise in large amounts of great value, and then to permit this same grantor, after he has acquiesced in the conveyance, possession and occupancy by his grantee and privies, to assert his lack of title at the time he conveyed, to insist upon the want of power, and take advantage of the inconsistent position and attitude to the

detriment and injury of those whom he put in possession by solemn compact and judicial decree would be intolerable. Courts may not become parties to such erroneous conceptions of right and justice by lending aid thereto or by condonation. But it can be of no real benefit to discuss under these circumstances the matter of estoppel. The foregoing announcements are conclusive of all the rights of the parties herein, without further elaboration or undue extension of this opinion.

It follows that plaintiff was without right to recover this property in the ejectment suit.

The judgment of the trial court is, therefore, for the errors indicated, reversed, and the cause remanded with directions to enter a judgment for the appellant.