GREER *v.* PARKER.

4-7782                                    191 S. W. 2d 584

Opinion delivered January 7, 1946.

*Daggett & Daggett,* for appellant.

*Hal B. Mixon,* for appellee.

MILLWEE, J.   This is a suit by appellant, Anna C. Greer, for specific performance of a contract of sale of 120 acres of land situated in Lee county, Arkansas, made December 7, 1944, between appellant and appellee, A. C. Parker. In the contract of sale, appellee agreed to pay

$3,600 on delivery of a valid warranty deed conveying a merchantable title. In his answer appellee admitted execution of the contract of sale and tender of a deed, but alleged in defense that the deed tendered by appellant did not convey a merchantable title. The cause was submitted to the trial court on an agreed statement of facts, and a decree was rendered dismissing the complaint for want of equity.

T. A. Cathey died August 15, 1911, leaving two children, Anna C. Gardner (now Greer, appellant herein) and Mary Rainey, as his only descendants. The last will and testament of T. A. Cathey, which was probated August 26, 1911, designated appellant as executrix and trustee of the testator's property, and contained a provision necessary for a determination of the issue raised by the appeal, as follows:

"In other words, I will and direct that after the payment of my debts and expense of administration, my estate may be divided equally between my two daughters, Mrs. Anna C. Gardner and Mrs. Mary Rainey. However, I desire that Mrs. Gardner's portion shall pass to her absolutely, while as to Mrs. Rainey's portion, she will simply receive the income or interest thereon during her life, and at her death said portion or interest will go to her children or their descendants, as above set out.''

According to the agreed statement of facts, appellant duly settled the estate of T. A. Cathey and fully accounted to Mary Rainey for all property devised to her under the will. Mary C. Rainey is a widow 66 years of age and the possibility of issue is extinct. She has two children, Anna R. Ivens, 45 years of age, and Ellen R. Vincent, 37 years of age. On January 8, 1926, in order to repay appellant for funds advanced to Mary Rainey and children in excess of the amount due from the estate of T. A. Cathey, they, Mary Rainey, Ellen R. Vincent, and Anna R. Ivens conveyed to appellant by warranty deed all their interest in the land involved herein.

The sole question presented by the appeal is whether the children of Mary C. Rainey took a vested, or contingent remainder under the terms of the will of T. A.

Cathey. If the remainder is vested, then their interest passed to appellant under the warranty deed of January 8, 1926, and the deed tendered by the latter to appellee conveyed a merchantable title.

Many cases involving the subject of contingent and vested remainders have reached this court. In the case of *McKinney* v. *Dillard & Coffin Co.*, 170 Ark. 1181, 283 S. W. 16, this court had under consideration the following language of a will: "I give to my daughter, Mary V. Mc-Kinney, during her natural life, the following described tracts: . . . and at her death I give and devise the same lands to her children in equal portions, and if at the time of Mary V. McKinney's death any of her children be dead leaving children, then such child or children is to have the same interest in said lands that said parents would have had if alive."

In considering the language of the will in that case this court said: "Appellants contend for a reversal of the decree upon the ground that, under the will, they took a contingent remainder in the real estate, which was not subject to partition, and for that reason the court was without jurisdiction to render a decree dividing the land in kind. In other words, they collaterally attacked the decree of partition as being void. The correctness of their attack must depend upon the construction placed upon the provision of the will quoted above. The law favors the vesting of estates as early as possible. *Booe* v. *Vinson*, 104 Ark. 439, 149 S. W. 524; *McCarroll* v. *Falls*, 129 Ark. 295, 195 S. W. 387. In applying this doctrine, where a life estate was given to parents and to their children after their death, share and share alike, it was ruled by this court that the remainder vested as soon as the child was born and before the life tenant died. *Jenkins* v. *Packingtown Realty Company*, 167 Ark. 602, 268 S. W. 620. Also in the case of *Black* v. *Bailey*, 142 Ark. 201, 218 S. W. 218, this court ruled that the testator did not intend to create a contingent remainder in the appellants in that case in the lands he devised to them under a provision similar to the provision in the will in the instant case. The provision of the will in the Black case, *supra*, is as follows:

" 'Provided, that if any of my children should die before the expiration of the above trust, hereinbefore created, leaving issue, said issue shall only take the share that should go to my children if living.'

"This court said the language quoted was a mere declaration of the law of descent and distribution and not an expression of an intention to create a remainder interest in the grandchildren. We think the instant case is ruled by the Jenkins and Black cases, *supra,* and that the remainder estate vested in fee simple in Mrs. McKinney's children, subject to her life estate.  .  .  ."

In the case of *Jenkins* v. *Packingtown Realty Co., supra,* the will provided: "I will and devise the east half of my said plantation to my son, James Hayes Jenkins, and his wife, Josephine, to hold, use and occupy and enjoy for and during the term of their natural lives, for the support and education of their children, and, after their death, to be equally divided between their children, share and share alike." There, this court said: "We think that the language used by the testator presents a case of a devise in remainder to a class of persons, whether in being at the time or not, and that the remainder vested immediately upon the coming into being of any one of that class. In other words, we think that the case is one which falls within the rule announced by the Supreme Court of the United States in *Doe* v. *Considine,* 6 Wall. (U. S.) 458, 18 L. Ed. 869, as follows:

" 'A devises to B for life, remainder to his children, but, if he dies without leaving children, remainder over, both the remainders are contingent; but, if B afterwards marries and has a child, the remainder becomes vested in that child, subject to open and let in unborn children, and the remainders over are gone forever. The remainder becomes a vested remainder in fee in the child as soon as the child is born, and does not wait for the parent's death, and, if the child dies in the lifetime of the parents, the vested estate in remainder descends to his heirs.' "

The case of *Landers* v. *Peoples Building & Loan Ass'n,* 190 Ark. 1072, 81 S. W. 2d 917, involved the con-

struction of the following language in a deed: "The above property . . . I hereby give, convey, and deliver to my said daughter during her life, and her children, Leola Wooten Millette and Meredith Millette, now born, and to others that may be born unto her, share and share alike, equally and undivided, after the death of my said daughter in fee simple forever." In construing this provision in the deed, this court said: "In the instant case the deed was made to Willie Millette and her children. It expressly gave her a life estate. The children named in the deed took a vested remainder, that is, the living children. Where a conveyance is made to persons that are living and to others thereafter born, the persons living take a vested interest. . . .

"The children of Willie Millette living at the time the conveyances were made took a vested interest, which would open up and let in other children that were born thereafter. The record does not show how old these children were, but the deed was made many years ago, and the parties have agreed that Willie Millette is past the age when she could give birth to a child. . . .

" 'Vested remainders, even at common law, may be conveyed by deed. Also a deed of trust will pass a vested remainder. Though subject to be divested by the exercise of a power of appointment, a vested remainder is an alienable interest. Upon the death of a testator who has devised a life estate to one, with limitation over to another in fee, the deed in which both the life tenant and remainderman join will pass the entire estate in fee to the grantee.' 3 Thompson on Real Property, p. 220."

At the time of T. A. Cathey's death in 1911, his daughter, Mary Rainey, had two living children. Under the principles announced in the above cases, Mary Rainey became seized of a life estate in the land devised with a vested remainder over to her two children. The interest of the children, Anna R. Ivens and Ellen R. Vincent, would open up and any afterborn children of Mary Rainey would share with them in the remainder interest. Mary Rainey is a widow and has had no other children. She is 66 years of age and it is agreed by the parties

that the possibility of issue is extinct. According to the rule laid down in *Jenkins* v. *Packingtown Realty Co.*, *supra*, any subsequent devolution of the title of the daughters of Mary Rainey is governed by the law of descent and distribution, and not by the will, and they having joined their mother in the conveyance to appellant, no estate remains in them to descend to their heirs. The interest of Mary Rainey and her children, therefore, passed to appellant under the warranty deed of January 8, 1926, and the deed tendered to appellee by appellant conveys a merchantable title.

Appellee, in support of his contention that the remainder is contingent, relies upon the cases of *Hurst* v. *Hilderbrandt,* 178 Ark. 337, 10 S. W. 2d 491; *National Bank of Commerce* v. *Ritter,* 181 Ark. 439, 26 S. W. 2d 113; and *Deener* v. *Watkins,* 191 Ark. 776, 87 S. W. 2d 994. We have given careful consideration to the language of the instruments under consideration in these cases and the factual situations involved. In *National Bank of Commerce* v. *Ritter, supra,* this court recognized the rule laid down in the Jenkins case and said: "Counsel for appellant rely upon the case of *Jenkins* v. *Packingtown Realty Co., 167* Ark. 602, 268 S. W. 620. In that case there was a devise to a son and wife for their lives, with remainder to their children. There was a contingent remainder in the after-born children of the devisees which became vested upon the coming into being of a child of such union."

In *Deener* v. *Watkins, supra,* this court in distinguishing the case from that of *Landers* v. *Peoples Building & Loan Ass'n, supra,* said: "The distinguishing feature between the conveyance in the Landers case and that in the case at bar is that in the former there' were *in esse* fixed and determinate persons in whom a present interest in the estate is fixed, namely, Leola Wooten Millette and Meredith Millette."

Having reached the conclusion that the language of the will involved in the case at bar falls within the principles announced in the cases of *Jenkins* v. *Packingtown*

*Realty Co., McKinney* v. *Dillard & Coffin Co.,* and *Landers* v. *Peoples Building & Loan Association, supra,* it follows that the chancellor erred in dismissing the complaint of appellant. The decree is accordingly reversed, and the cause remanded with directions to enter a decree for appellant for specific performance of the contract of sale.