ALUMINUM CO. OF AMERICA *v*. LIPKE.

5-1653　　　　　　　　　　　　　　　　320 S. W. 2d 751

Opinion delivered February 16, 1959.

*Rose, Meek, House, Barron & Nash,* for appellant.

*J. H. Carmichael, Jr., Josh W. McHughes,* for appellee.

SAM ROBINSON, Associate Justice. The issue is whether certain devisees under the will of G. M. Lipke are contingent or vested remaindermen. The controversial clause in the will provides (Par. 3): "I give, bequeath and devise to my beloved wife, Mamie Lipke for and during her natural life, all the real estate which I may own at the time of my death, and at her death the same shall go to my daughters, Marian and Maxine, share and share alike. In the event either of my said daughters dies without children before the death of my wife, all the remainder shall go to the surviving daughter, but in the event either of them dies leaving children that part that would have gone to such daughter, shall go to her children; and in the event both of my said daughters die without children before the death of my wife, then said real estate shall go according to the laws of descent and distribution of Arkansas."

The widow, Mamie Lipke, life tenant, and the daughters of the testator, Marian and Maxine, remaindermen, are all living. The appellant, Aluminum Company of America, contracted to buy from them a parcel of land left by Mr. Lipke, but when the time came to consummate the deal the Aluminum Company refused to make the purchase, contending that the widow and daughters cannot convey a fee simple title. The widow and daughters filed suit to compel specific performance. The chancellor held that the daughters have an indefeasible vested interest and can, along with the widow, convey a good title, and ordered specific performance. The Aluminum Company of America has appealed.

If the remainder is indefeasibly vested in the daughters, they can join with the life tenant and convey a merchantable title. *Greer* v. *Parker,* 209 Ark. 553, 191 S. W. 2d 584. But if the remainder is contingent, the remaindermen have nothing to convey. *Horsley* v. *Hilburn,* 44 Ark. 458. And, of course, the widow has only a life estate. The only question is, therefore, whether the provision of the will here un-

der consideration creates in the daughters a vested remainder or a contingent remainder or a vested defeasible remainder. And, so far as this case is concerned, it is wholly immaterial whether the daughters have a contingent remainder or a vested defeasible remainder, because in either event they could not, along with the life tenant, convey a fee simple title. Hence it is unnecessary to point out here the distinction between a contingent remainder and a vested defeasible remainder. The question is: Do the daughters have an indefeasibly vested remainder under the above quoted provision of the will?

The rules of construction which determine whether an interest is vested or contingent are "nice, technical and shadowy." Whether an interest is vested or contingent depends upon the intention of the testator, to be determined from the language of the will when read in the light of surrounding circumstances. *Wallace* v. *Wallace,* 179 Ark. 30, 13 S. W. 2d 810. As long as the testator does not violate the rule against perpetuities, the law will permit him to create a contingent remainder, and while a construction which favors early vesting rather than deferred vesting is always preferred, the question is, after all, one of the intention of the testator. Page on Wills, Vol. 3, § 1259.

From the provisions of the will in the case at bar, the intention of the testator is clear. He wanted his wife to have a life estate in the property. He wanted the remainder to go to his daughters, Marian and Maxine. But, in the event either of the daughters should not survive the life tenant, such deceased daughter's interest should go to the other daughter, or her children; provided, however, if a deceased daughter left children, such interest as would have gone to her had she survived the life tenant would go to her children. If both daughters died without issue during the lifetime of the life tenant, then the property would go to the heirs of the testator according to the law of descent and distribution. In these circumstances it can-

not be said the daughters have an indefeasibly vested interest.

To sustain the decree of the trial court, appellees rely on several cases, some of which appear to hold that conveyances similar to the provision of the will here under consideration created a vested remainder. *McKinney* v. *Dillard & Coffin Co.*, 170 Ark. 1181, 283 S. W. 16, does support appellees. But Judge McCulloch wrote a strong dissent in that case, and in similar cases decided since the *McKinney* case Judge McCulloch's dissenting opinion appears to have been followed. One of the cases relied on in the *McKinney* case, and one relied on here by appellees, is *Black* v. *Bailey*, 142 Ark. 201, 218 S. W. 210. In his dissent in the *McKinney* case, Judge McCulloch pointed out that in *Black* v. *Bailey* "The question involved was whether or not the title passed to a trustee, for, if there was no title vested in the trustee, there was no remainder, and the title passed in the first instance to the *cestui que trust*. In other words, the effect of the decision was that, there being no prior estate created by the will, there could be no remainder, either vested or contingent."

Appellees also cite *Jenkins* v. *Packingtown Realty Co.*, 167 Ark. 602, 268 S. W. 620. But that case does not sustain appellees' position. There it was merely held that the remainder vested upon the birth of the remaindermen named in the will. Neither does *Greer* v. *Parker*, 209 Ark. 553, 191 S. W. 2d 584, cited by appellees, support the view that appellees in the case at bar, Marian and Maxine, now have a vested remainder. In the *Greer* case the testatrix left part of her property as a life estate to a daughter, with remainder to the daughter's children. It was held that the fee vested on the birth of a child to the daughter. *Booe* v. *Vinson*, 104 Ark. 439, 149 S. W. 524, is also cited by appellees, but that case is in point only to the extent of saying that the "law favors vesting of estates" and where the will is susceptible of dual construction the one which vests the estate will be adopted. In *McCarroll*

v. *Falls,* 129 Ark. 245, 195 S. W. 387, a long will was involved, and it was emphasized that the devise was in the present tense. The Court points out that undoubtedly a vested remainder was given in paragraphs 9, 10, 11 and 12, and it was the opinion of the Court that the vesting was not changed by paragraph 14.

In support of the view that in the case at bar the remainder is not indefeasibly vested, the case of *Dyer* v. *Lane,* 202 Ark. 571, 151 S. W. 2d 678, is directly in point. There the Court said: "Looking to the entire contents of this will and thus construing the words 'heirs of my son, Haskell A. Dyer,' to mean the children of this son, necessarily Haskell A. Dyer's interest must be contingent because it cannot be known what children would survive the son until the death of the mother, who holds the life estate. Haskell A. Dyer is still alive and, of course, he may or may not have children during his mother's lifetime. (Exactly the same situation exists in the case at bar.) The remainder could not vest in Haskell A. Dyer until the death of the mother, Grace G. Dyer. That is the time fixed for his remainder interest to take effect."

Other cases in point are: *Adams* v. *Eagle,* 194 Ark. 171, 106 S. W. 2d 192; *Harrington* v. *Cooper,* 126 Ark. 53, 189 S. W. 667. In both cases it was held that the remainder did not vest until the death of the life tenant.

It is our conclusion that our own cases in point to the effect that the remainder does not indefeasibly vest until the death of the life tenant are supported by the weight of authority. Page on Wills, 3rd Ed., 1941, § 1266, Restatement, Property — Future Interests, § 253. In 96 C. J. S. 451, it is said: "It has been said that whether the remainder interest be treated as vested subject to be divested by the death of the remainderman before the death of the life tenant, or as being a contingent remainder, makes no difference, because the devise does not create an absolute or indefeasibly vested estate in the remainderman." And in 33 Am. Jur. 590, it is said: "A substantial gift in favor of the

issue of any legatee dying before the time of distribution may make the remainder a contingent one. A remainder after a life estate is contingent if it is to the children of the life tenant living at his death and to the issue of such children as may be dead."

And, finally, if the testator had wanted the remainder to vest so that the remaindermen, along with the life tenant, could sell the property and convey a good title, no doubt paragraph 3 would have ended with the first sentence, and that result would have been accomplished. But other provisions were added which are convincing that the testator did not intend that the remainder should indefeasibly vest until the death of the life tenant.

Reversed.

Mr. Justice George Rose Smith, not participating.