WALKER *v.* WILMANS.

Opinion delivered February 13, 1928.

1. WILLS—CONSTRUCTION OF DEVISE.—Under a will devising land to daughters for life, share and share alike, with remainder to grandchildren, and providing for devise of certain interests to the grandchildren for life of the surviving daughter, in case one daughter dies first, the intention of the testatrix was to give the surviving grandchildren a remainder in fee on the death of both life tenants, and the estate did not vest in fee so long as either life tenant survived.

2. WILLS—RIGHTS OF PURCHASER OF REMAINDER INTEREST.—Where a will devised a life estate to two daughters and remainder to grandchildren, no interest vested in the grandchildren until the death of both life tenants, and hence a purchaser of the interest of the grandchildren on the death of one life tenant was not entitled to any interest in a fund from the sale of a part of the lands of the estate.

Appeal from Jackson Chancery Court; *A. S. Irby,* Chancellor; reversed.

*R. E. Jeffrey,* for appellant.

*Ira J. Mack,* for appellee.

KIRBY, J. This appeal involves the construction of a will which disposes of quite a lot of property, paragraph eleven of which reads as follows:

"I devise and bequeath to my daughters, Lizzie Taggart and Lottie D. Walker, all the lands devised to me by my nephew, James B. Waddill, for and during the term of their natural life, share and share alike, to hold the same unto themselves during the term of their natural life. But if my daughter Lottie D. Walker shall die before my daughter Lizzie Taggart, then I devise and bequeath to my granddaughter, Josephine Walker, a fifth interest in said lands for and during the natural life of my daughter Lizzie Taggart, and the remainder of said lands I devise and bequeath to my daughter Lizzie Taggart for and during the term of her natural life. And in case my daughter Lizzie Taggart dies before my daughter Lottie D. Walker, I devise and bequeath to my grandchildren, the children of Lizzie Taggart, a one-half interest in said lands for and during the term of the natural life of my daughter Lottie D. Walker, share and share alike. And I devise the remainder in fee in said lands to my then living grandchildren, the children of the bodies of each of my daughters Lizzie Taggart and Lottie D. Walker begotten, share and share alike."

Lizzie Taggart died in December, 1910, leaving surviving four children of her body, grandchildren of the testatrix, Laura J. Dills, Malcolm D., Samuel W., James B. and Margaret Taggart, and also Lottie Walker, the other life tenant devisee in the will, and her one child, Josephine Walker, since married, and one of the appellants, Josephine Walker Connell.

J. C. Wilmans, appellee, acquired the interest, vested and contingent, of three of the Taggart heirs, Malcolm D., Samuel W. and James B., and Margaret Taggart conveyed her interest, on the 7th of September, 1921, to Lottie D. Walker.

In May, 1923, the Newport Levee District appropriated some of the lands, and paid into the Jackson Chancery Court for the owners of the fee of the lands

$925.25, and appellee brought this suit for distribution of said fund on the basis of his claim of a 3/5 interest in fee in the lands and being entitled to a 3/8 interest in the income thereof. Appellant denied that the appellee was entitled to any interest in fee in the lands before the death of the surviving life tenant, and, from the decree holding otherwise, has appealed.

It was the intention of the testatrix, clearly expressed, to give her grandchildren then living, the children of her daughters, the two life tenants, the remainder in the lands in fee, share and share alike, upon the death of both life tenants, and such estate did not vest in fee so long as either life tenant survived. Neither could it be sooner determined under the will what interest each grandchild would be entitled to in the remainder in fee which is devised to the then living grandchildren upon the termination of the life estates.

The decree is reversed accordingly, and the cause dismissed.