HURST v. HILDERBRANDT.

Opinion delivered November 12, 1928.

*Smith & Blackford,* for appellant.

*W. M. Ponder* and *H. L. Ponder,* for appellee.

McHANEY, J.   On October 29, 1905, Isham J. Bagley executed and delivered to his wife, Nancy Elizabeth Bagley, a deed to a large body of land in Lawrence County, Arkansas, and certain lots in Walnut Ridge, the *habendum* clause of said deed being as follows: "To have and to hold the same, with all appurtenances thereto belonging, to her, the said Nancy Elizabeth Bagley, for and during her natural life, and in the event that I, Isham J. Bagley, shall survive her, at her death the title and possession of all of said lands shall revert and be reinvested in me, as though this conveyance had never been made.   But if the said Nancy Elizabeth Bagley shall survive me, then at her death the title to said lands shall revert and be vested in my surviving children and grandchildren, the latter taking *per stirpes,* and said land shall be divided between them according to the laws of descent, inheritance and distribution of the State of Arkansas."

Isham J. Bagley died intestate October 22, 1910, and Nancy Elizabeth Bagley died March 27, 1928.   Ed Bagley, son of Isham J. Bagley, died, and left surviving as his only child and heir at law Harry Bagley, who died prior to the death of Nancy Elizabeth Bagley, and left surviving him his two minor children and only heirs at law, the appellants, Harry Joseph Bagley and Bettie Ruth Bagley.   Harry Bagley and his wife, Josephine Bagley, on the 10th day of November, 1924, executed and delivered to the appellee, J. F. Hilderbrandt, their warranty deed to "all my interest, as the son of and heir of Ed Bagley, deceased, who was the son of I. J. Bagley, who is also deceased, and who was my grandfather; and I further state that I am the sole and only heir at law of Ed Bagley, deceased, being an undivided one-fourth interest in the following lands, lying

in the county of Lawrence and State of Arkansas, to-wit'' (describing lands).

This conveyance was made for a consideration of $2,000 by Harry Bagley to his maternal grandfather, the appellee, J. F. Hilderbrandt. After the death of Nancy Elizabeth Bagley, suit in partition was instituted to divide the land, in which the appellants, Joseph and Bettie Ruth Bagley, appeared by their respective mothers as next friend, and complained that the deed from their father, Harry Bagley, to the appellee, J. F. Hilderbrandt, was void for the reason that Harry Bagley had only a contingent remainder in the lands of his grandfather, by virtue of the clause in the deed heretofore mentioned, and not a vested remainder, and could not therefore convey anything by his said deed. The chancery court held that Harry Bagley acquired a vested remainder interest in and to a one-fourth interest in the land described in his grandfather's deed, and that therefore his deed to the appellee, Hilderbrandt, conveyed a good title to his vested interest in remainder, which ripened into an absolute title in fee on the death of Nancy Elizabeth Bagley.

It therefore becomes necessary for us to decide only one question. Was Harry Bagley a vested remainderman or a contingent remainderman under the deed from his grandfather, Isham J. Bagley, to his grandmother, Nancy Elizabeth Bagley, after the death of said Isham J. Bagley?

The subject of vested and contingent remainders has formed the basis of prolific decisions of courts of last resort, textwriters and annotators. We will not undertake an extensive review of the cases touching on this subject, not even those of our own court. It is a fundamental rule of construction of both deeds and wills to ascertain the intention the grantor had in mind, as to the course he desired his property to take, from the language used in the instrument, and to give effect to such intention, if it may be done without doing violence to the law. As said by this court in *Booe* v. *Vinson,*

104 Ark. 439, 149 S. W. 524: "The purpose of construction of a will is to ascertain the intention of the testator from the language used, as it appears from the consideration of the entire instrument, and, when such intention is ascertained, it must prevail, if not contrary to some rule of law; the court placing itself as near as may be in the position of the testator when making the will." And it is also a rule that the law favors the early vesting of estates, and that, if a deed or a will is susceptible of a dual construction, by one of which the estate becomes vested and by the other it remains contingent, the former construction will be adopted. *Booe* v. *Vinson, supra; McCarroll* v. *Falls,* 129 Ark. 245, 195 S. W. 387.

In the last cited case the court quoted with approval from *Archer* v. *Jacobs,* 125 Iowa 467, 101 N. W. 195, the second syllabus on the subject of vested and contingent remainders as follows:

"A remainder is contingent where the right of the remainderman to succeed to the possession and enjoyment of the estate depends upon some contingency which may never arise, or where the person who is entitled to succeed to the possession and enjoyment at the termination of the life tenancy is not, and may never be, ascertained, or is not in being. In general, it is the present capacity of taking effect in possession, if the possession becomes vacant, and not the certainty that the possession will become vacant before the estate limited in remainder determines, that distinguishes a vested from a contingent remainder." The court in the same opinion quoted from *Hawley & King* v. *James,* 5 Paige (N. Y.), 318, as follows:

"A remainder is vested in interest where the person is in being and ascertained, who will, if he lives, have an absolute and immediate right to the possession of the land upon the ceasing or failure of all the precedent estates, provided the estate limited to him by the remainder shall so long continue. In other words, where the remainderman's right to an estate in possession can-

not be defeated by third persons, or contingent events, or by the failure of a condition precedent, if he lives, and the estate limited to him by way of remainder continues till all the precedent estates are determined, his remainder is vested in interest.''

R. C. L., vol. 23, page 500, § 32, makes the distinction between vested and contingent remainders in the following language:

''The fundamental distinction between the two kinds of remainders is that, in the case of vested remainder, the right to the estate is fixed and certain, though the right to possession is deferred to some future period, while, in the case of a contingent remainder, the right to the estate as well as the right to the possession of such estate is not only deferred to a future period, but is dependent on the happening of some future contingency. The broad distinction between vested and contingent remainders is this: In the first there is some person *in esse* known and ascertained, who, by the will or deed creating the estate, is to take and enjoy the estate, and whose right to such remainder no contingency can defeat. In the second, it depends upon the happening of a contingent event, whether the estate limited as a remainder shall ever take effect at all. The event may either never happen, or it may not happen until after the particular estate upon which it depended shall have been determined, so that the estate in remainder will never take effect.''

It therefore becomes necessary to determine the intention of I. J. Bagley by this language appearing in the deed: ''But if the said Nancy Elizabeth Bagley shall survive me, then at her death the title to said lands shall revert and be vested in my surviving children and grandchildren, the latter taking *per stirpes,* and said land shall be divided between them according to the laws of descent, inheritance and distribution of the State of Arkansas.'' She died surviving him. When did the title to said lands revert and vest in the grantor's surviving children and grandchildren? His own language

answers the question—"at her death." It is conceded that Nancy Elizabeth Bagley held a life estate only. At her death the title was to go to his surviving children and grandchildren. Surviving whom—him or her? Manifestly, we think, he meant that it should go to such children and grandchildren as survived her, and not those surviving him. The grandchildren, according to the language, were to take *"per stirpes."* That is, they were to take the shares equally their immediate ancestor would have been entitled to had he not died. Therefore, giving the language used this construction, which we believe to be the intention of the grantor, the necessary result is that Harry Bagley took as a contingent remainderman, because it could not be known what children and grandchildren would survive Nancy Elizabeth Bagley until she had died. Since his interest in this land was a contingent remainder and not a vested remainder, he had no power to convey, because he had no vested interest to convey, and his deed to the appellee, Hilderbrandt, conveyed nothing.

A similar situation existed in *Eversmeyer* v. *McCollum,* 171 Ark. 117, 283 S. W. 379, where, to quote the third syllabus, it was held: "Where land was conveyed to A and her husband for their natural lives, and at her death to A's children or descendants, and, if none such be in existence at their death, to a named child of the husband by a former marriage, *held* that, during A's lifetime, her child was a contingent remainderman to whom no title passed."

We will not undertake a discussion of the other cases cited by counsel on both sides, as it would unduly extend this opinion, and, as already stated, there are so many cases on the subject of vested and contingent remainders that the writer feels that it would be a work of supererogation and an affectation of learning on his part for him to attempt to review them, or to announce any new principles on the subject.

Having reached the conclusion that Harry Bagley took only as a contingent remainderman, and that his

deed to appellee, Hildebrandt, conveyed nothing, it necessarily follows that the decree must be reversed and the cause remanded with directions to enter a decree in accordance with this opinion. It is so ordered.