ALMAN *v.* COFFMAN.

4-2689

Opinion delivered October 24, 1932.

*Owens & Ehrman*, for appellant.
*Frauenthal, Sherrill & Johnson*, for appellee.

McHANEY, J. Appellant correctly states the case as follows: "This is a suit for specific performance of a contract to purchase a lot in the city of Little Rock. The appellee agreed to sell the lot to the appellant, and the appellant agreed to purchase upon being furnished with an abstract showing good and merchantable title in the appellee. The abstract which was submitted showed that the appellee was claiming title through the Arkansas Baptist College, which in turn secured the lot under the will of one Julia Little, deceased. The only point involved in the litigation is the correct construction to be given to that will. The chancellor held that the Arkansas Baptist College, and through it the appellee, had a good and merchantable title. He decreed a specific performance of the contract. The appellant excepted, and has brought this appeal."

The will of Julia Little, deceased, was executed on the twelfth day of March, 1900, and the second, third and fourth paragraphs of the will are as follows: "(2) After the payment of my said debts and funeral expenses, I give to Thomas Preston, the son of George and Carrie Preston, of Little Rock, Arkansas, an education in the Arkansas Baptist College, the same being situated in the city of Little Rock, Arkansas. (3) And for the education of the said Thomas Preston, I give and devise to the trustees of the Arkansas Baptist College all the rents and profits and such other personal property owned by me (after the payment of my just debts and funeral expenses) and so much of my real estate as when sold by leave of the court of probate will be sufficient, in addition to the said personal estate herein given, to educate the said Thomas Preston in the Arkansas Baptist College, provided that the said Thomas Preston is under the age of 21 years and shall conduct himself properly and consistent [with] discipline of the said Arkansas Baptist College. (4) After the education of the said Thomas Preston, or his default herein, all the rest and residue of my property, real, personal and mixed, wheresoever situated, which I now own or hereafter may acquire and of which I

shall die seized or possessed, I give, devise and bequeath to the cause of education, to the Arkansas Baptist College, upon the condition that the said Arkansas Baptist College shall not cease to exist. But, in case the said Arkansas Baptist College shall cease to exist, then in that case all of my said estate above described shall become the property of Charlie, Thomas and Tennie, the heirs of George and Carrie Preston, of Little Rock, Arkansas, share and share alike, absolutely and in fee simple.''

It is contended by appellant that the language in the fourth paragraph, that ''I give, devise and bequeath to the cause of education, to the Arkansas Baptist College, upon the condition that the said Arkansas Baptist College shall not cease to exist,'' and making further provision for the disposition of the property in the event said college should cease to exist, constitutes a conditional conveyance. In other words, appellant contends that the testator, Julia Little, intended by the language used that the college should have her property only so long as it continued to exist, and, when it ceased to exist, it was then to go to the individuals named. We cannot agree with appellant in this contention. On the contrary, we are of the opinion, construing the will as a whole, the language used clearly shows the intention of the testator is to give to Thomas Preston an education in the Arkansas Baptist College; and, second, after he had been educated or defaulted in same, to give all her property, including the property involved, in fee simple in the event the college was in existence at the date of her death. Thomas Preston defaulted in the matter of an education, and died in 1917, unmarried and without issue. Julia Little died in the year 1915. The college was in existence at the time of her death and still is, and it would be unreasonable to presume that she intended to tie up the fee to the property indefinitely. The law favors the early vesting of estates, and if a will by one susceptible construction would vest an estate, and by another construction the estate would be contingent, the former construction should be adopted. *Wallace* v. *Wallace,* 179 Ark.

30, 13 S. W. (2d) 810; *Hurst* v. *Hildebrandt*, 178 Ark. 337, 10 S. W. (2d) 491. But here we do not think the intention of the testator doubtful, and clearly that it was her intention to convey her property to the Arkansas Baptist College, if it were still in existence at the time of her death.

The decree of the chancery court is therefore correct, and must be affirmed. It is so ordered.