PRALL *v.* PRALL.

4-6960

166 S. W. 2d 1028

Opinion delivered November 30, 1942.

E. F. McFaddin, for appellants.

G. P. Casey, James H. Pilkinton and Steve Carrigan, for appellees.

GREENHAW, J. This case involves the construction of the holographic will and codicil of Mrs. Effie LaDora Prall. At the time of the execution of this will the immediate family of Mrs. Prall consisted of her husband, B. George Prall, one daughter, Beatrice Arvilla Prall, and one son, George Virgil Prall. The will and codicil are as follows:

"I, Effie LaDora Prall do make and execute this my holographic will.

"I devise and bequeath all property of whatsoever kind, of which I may die possessed to be held in trust during the lifetime of my husband B. George Prall, first, the life time of Beatrice Arvilla Prall my daughter, second, and the lifetime of George Virgil Prall my son third. At his death to be divided equally among the heirs of my body, if none, equally among my blood kinsfolk.

"Beatrice Arvilla Prall to be Executrix without bond and to name Executrix or Executor with bond for George Virgil Prall.

"Codicil.

"I, Effie LaDora Prall do make the following codicil to my will executed by me at Hope, Arkansas, August 26, 1914.

"First: No property in this will can be used to pay debts of person to whom it is given.

"Second: No property in this will can be mortgaged by person to whom it is given.

"Third: The property in this will can be sold and reinvested in real estate if advisable, under the same conditions found in this will."

Effie LaDora Prall died in 1919, and her husband, B. George Prall died intestate in 1924. Her son, George Virgil Prall, died intestate in 1937, survived by his wife, Irene Thompson Prall, and two minor children, Mary Lou Prall and Bettie Ann Prall.

Beatrice Arvilla Prall qualified and served as executrix of the estate of her mother, which consisted principally of a 30-acre farm in Hempstead county. After discharging the duties devolving upon her as executrix, she acted or assumed to act as trustee, executing a receipt to herself as executrix, and filed her final account and settlement as executrix, and the administration was closed. After the death of her mother, she handled the 30-acre farm, giving to her father, during the remainder of his life, the rents and profits therefrom. After her father's death, she received the rents and profits until the death of her brother in 1937. Thereafter she gave the rents and profits to her brother's widow and children, who have received all rents and profits therefrom since that time.

Beatrice Arvilla Prall instituted this litigation in which she sought a construction of the will of her mother and a partition of the property which is now being rented. Her brother's widow and his two minor children were made defendants and a guardian *ad litem* appointed to represent the minors and did so. The cause was submitted to the chancery court and a decree entered in which the court found that the land was not susceptible of division in kind, and that it was for the best interests of all parties that the property be sold and the proceeds divided. The court further found and held that, under the will of Mrs. Effie LaDora Prall, the property herein involved went to Beatrice Arvilla Prall in trust during the lifetime of B. George Prall and during the lifetime of George Virgil Prall; that upon the death of George Virgil Prall the property vested absolutely in fee, one-half in Beatrice Arvilla Prall and one-half equally in the two

minor children of George Virgil Prall. The court further found and held that the defendant, Mrs. Irene Thompson Prall, had no interest of any kind in the property or the proceeds thereof.

All parties to this litigation have appealed, and are all designated as appellants and appellees.

A careful examination of this will and codicil convinces us that a trust was not created thereby. This will was written by the testatrix herself, and we think that what she meant by the use of the words ''to be held in trust'' was that her farm should be used for the benefit of her husband, her daughter and her son during the remainder of their lives. Our conclusion is that the instrument under consideration created three life estates: first in the husband, second in the daughter, and third in the son of the deceased, with remainder to the heirs of her body or her blood relatives.

The testatrix no doubt thought that her son would survive her husband and daughter, and provided that at his death her property should be divided equally among the heirs of her body, and if none, equally among her blood relatives. However, we think she intended that the remainder should vest only upon the death of the survivor of the three life tenants. Such we believe to have been her intention, and it is the duty of the court in construing a will to ascertain therefrom the intention of the testator and give effect thereto, is possible.

In the case of *Kelly* v. *Kelly,* 176 Ark. 548, 3 S. W. 2d 305, this court said: ''The cardinal rule in construing a will is to ascertain and declare the intention of the testator. That intention is to be gained from reading the entire will and construing it so as to give effect to every clause and provision therein, if this can be done.''

In *Pool, Trustee* v. *Cross County Bank,* 199 Ark. 144, 133 S. W. 2d 19, this court quoted with approval from a previous case as follows: ''We must look to the will to determine the testator's intention, but in getting this view we should place ourselves where he stood, and should consider the facts which were before him in

deciding what he intended by the language which he employed.''

In view of our construction of the will and codicil, Beatrice Arvilla Prall received only a life estate, and the widow of George Virgil Prall never acquired a dower interest in this real estate.

Under our construction of the will and codicil we think the court was in error in decreeing a partition of the land. The decree of the chancery court is, therefore, reversed and the cause is remanded with directions to enter a decree in conformity with this opinion.