GARNETT *v.* CLAYTON, *et al.*

5-135                                                    260 S. W. 2d 441

Opinion delivered June 22, 1953.

Rehearing denied October 5, 1953.

*Evans & Farrar* and *Rose, Meek, House, Barron & Nash,* for appellant.

*Wootton, Land & Matthews* and *Wood & Chesnutt,* for appellee.

MINOR W. MILLWEE, Justice.    The issue here is whether a vested or contingent remainder in certain land passed to Aubrey Boykin, now deceased, under the will of his grandmother, Alice E. Garnett, who died February 15, 1922.

Alice E. Garnett executed a will on January 5, 1921, in which she devised certain lands in the city of Hot

Springs, Arkansas, to each of her two sons and a daughter, Rita Boykin. The residue of her estate, except certain real estate located in Washington, D. C., was left to said three children equally in fee simple. Included in that residue was certain real estate in Hot Springs which is the property involved in the instant controversy.

On July 26, 1921, Alice E. Garnett executed a codicil to her will in which she devised the property involved here, which previously had been included in the residuary clause of her will, as follows: "Second: I give, devise and bequeath to my daughter, Rita Boykin, for life, and the remainder after her death in fee simple to her children, the property belonging to me and located in the City of Hot Springs, Garland County, particularly described as follows: . . . (here follows description of property)."

Upon her death in February, 1922, Alice E. Garnett left surviving her the three children named in the residuary clause of her will and one grandchild, Aubrey Boykin, the son of Rita Boykin, a widow. Aubrey Boykin died intestate on September 22, 1922, leaving as his sole heir, his mother, Rita Boykin, who died testate on December 23, 1946. Under the duly probated will of Rita Boykin, the property here involved was devised to appellees, who have since been in possession under claim of title.

Appellant, Rose K. Garnett, is the widow of Evelyn Sidney Garnett, who died testate March 28, 1943. The latter was the son of Alice E. Garnett and one of the three residuary devisees under her will. As sole beneficiary under her husband's will, appellant brought this action in ejectment, claiming ownership of a one-third undivided interest in the property in controversy.

The claim of appellant is predicated on the contention that a contingent remainder passed to Aubrey Boykin under the will of his grandmother, Alice E. Garnett. Hence, says appellant, upon the death of Aubrey Boykin prior to that of his mother, a reversionary interest in the property passed under the residuary clause of the will to the three children of Alice E. Garnett.

In a well-considered opinion, the trial court rejected appellant's contention and adopted that of the appellees to the effect that Aubrey Boykin took a vested remainder under the will and upon his death, unmarried and intestate, the title ascended to Rita Boykin, his sole heir, who became the owner in fee simple of the property, which she devised to the appellees. We concur in that decision.

The case of *Jenkins* v. *Packingtown Realty Co.,* 167 Ark. 602, 268 S. W. 620, involved a devise of property to a son and wife for their lives, "and after their death, to be equally divided between their children, share and share alike." The couple had one child. After the husband's death, the widow and child conveyed the property. The court held that the conveyance passed title; that the remainder was contingent until the birth of a child when it became vested, subject to open up and admit afterborn children. In so holding, approval was given to the rule laid down in *Doe Poor* v. *Considine,* 6 Wall. 458, 73 U. S. 458, 18 L. Ed. 869, as follows: "A devises to B for life, remainder to his children, but, if he dies without leaving children, remainder over, both the remainders are contingent; but, if B afterwards marries and has a child, the remainder becomes vested in that child, subject to open and let in unborn children, and the remainders over are gone forever. The remainder becomes a vested remainder in fee in the child as soon as the child is born, and does not wait for the parent's death, and, if the child dies in the lifetime of the parent, the vested estate in remainder descends to his heirs."

We have followed and applied this rule in many subsequent cases, including *Landers* v. *People's Bldg. & Loan Ass'n,* 190 Ark. 1072, 81 S. W. 2d 917; *Greer* v. *Parker,* 209 Ark. 553, 191 S. W. 2d 584; and *Steele* v. *Robinson,* 221 Ark. 58, 251 S. W. 2d 1001. As Chief Justice McCulloch pointed out in the Jenkins case, the rule finds support among all the text writers. See, also, Restatement, Property, § 157, Sub-section n. The record reflects that appellant was relying on the case

of *Deener* v. *Watkins,* 191 Ark. 776, 87 S. W. 2d 994, when she instituted the present action. At that time, the decision had not been rendered in *Steele* v. *Robinson,* *supra,* wherein the Deener case was overruled.

We agree with appellant's contention that the will and codicil must be construed together. We cannot agree with the further contention that, when so construed, an intention different from that so clearly expressed in the codicil is to be gathered from the general testamentary scheme of the original will and the surrounding circumstances existing at the time of the execution of the will and codicil. It is clear that the testatrix by execution of the codicil withdrew the property here involved from the residuary clause of the will and by plain and unambiguous language created a vested remainder in her only grandson, Aubrey Boykin, under the rule which we have adopted. Upon Aubrey Boykin's death, the vested estate in remainder was acquired by Rita Boykin. Upon her death, the title passed under her duly probated will to the appellees.

The judgment is affirmed.

GEORGE ROSE SMITH, J., not participating.