## Sue Stewart RAGLAND *v.* THE COMMERCIAL NATIONAL BANK OF ARKANSAS

82-117                                         635 S.W.2d 258

Supreme Court of Arkansas
Opinion delivered June 28, 1982

*Tommy H. Russell,* for appellant.

*Everett O. Martindale,* for appellee.

ROBERT H. DUDLEY, Justice. The testatrix, Halley S. Desvernine, executed a will bequeathing her diamond solitaire ring and her diamond wedding ring to her step-daughter, Donna Desvernine Kiyotoki. Later she executed a codicil in which she removed the diamond wedding ring from the list of bequests to her step-daughter and bequeathed the diamond wedding ring, instead, to her niece, appellant Sue Stewart Ragland. After Mrs. Desvernine's death, the appellee bank, as co-executor of the will, inventoried the decedent's safety deposit box and found the diamond solitaire ring and the diamond wedding ring taped together. The diamond wedding ring is described as a ring with diamond chips on it. The executors delivered both rings to the appellant. Shortly thereafter the step-daughter's attorney notified the executors that she questioned the disposition of the rings. A petition was filed in probate court asking the return of the rings to the bank during probate proceedings. The appellant, Sue Stewart Ragland, contended that the rings had previously been given to her by the decedent. The probate judge held there was insufficient

evidence to sustain the finding of a gift of the solitaire diamond ring to the appellant and held that the diamond wedding ring referred to in the codicil, and bequeathed to appellant, was the wedding band with diamond chips on it and not the diamond solitaire ring. Jurisdiction is in the Supreme Court pursuant to Rule 29 (1) (p). We affirm.

Appellant's first point for reversal is that the probate judge erred in holding that there had not been a prior gift of the diamond solitaire ring. Appellant testified that the decedent, who was appellant's aunt, came to live with appellant, her husband and brother in Fayetteville in early 1977. Her husband was discovered to have a fatal illness and she testified that her aunt gave her the diamond solitaire ring, consisting of a 1 to 2 carat diamond, to sell if she needed to pay medical bills or else to keep. She kept the ring for one and one-half years and during that time had it sized to fit her finger but testified that after her husband's death she gave the ring back to her aunt for safekeeping. Appellant's brother, also an interested witness, testified that the decedent had made a gift of the ring. The testimony of a good friend of the brother tended to corroborate their testimony. On the other side, a bank trust officer testified that the decedent repeatedly stated that the ring had been loaned, not given away, and that the person who had used it was not the same person to whom she wanted to bequeath it. The ring was in the possession of the testatrix at the time of her death.

The requirements for an effective inter vivos gift have been stated by this court as: an actual delivery of the subject matter of the gift to the donee with a clear intent to make an immediate, unconditional and final gift beyond recall, accompanied by an unconditional release by the donor of all future dominion and control over the property so delivered. *Boling* v. *Gibson,* 266 Ark. 310, 584 S.W.2d 14 (1979). And these elements must be shown by clear and convincing evidence. *Porterfield* v. *Porterfield,* 253 Ark. 1073, 491 S.W.2d 48 (1973). Appellant's evidence that a gift had been made consisted almost entirely of testimony by interested witnesses. The credibility of the witnesses is for the trial court to determine and we will not reverse the findings of a probate judge unless they are clearly erroneous. ARCP Rule

52. We cannot state that the findings of the trial judge on this issue are clearly erroneous.

Appellant's second point for reversal is that the probate judge found that the codicil referred only to the wedding band and not the diamond solitaire ring. In the will the decedent bequeathed both her diamond solitaire ring and her diamond wedding ring to her step-daughter. Then, in the codicil, the decedent removed the diamond wedding ring from the list of bequests to her step-daughter and added it to the items intended for appellant. Appellant argues that the wedding band only had chips in it and the probate judge erred in classifying it as a diamond wedding ring. It is true that when there is any inconsistency between any portion of a will and a codicil then the codicil will control. *McLaren* v. *Cross*, 236 Ark. 648, 370 S.W.2d 59 (1963). But here there does not appear to be any inconsistency. There were two rings found in the bank box and the terminology concerning two rings remained consistent in the will and codicil. The probate judge determined that the decedent ónly intended to change the bequest of the diamond wedding ring and to leave the bequest of the diamond solitaire ring unchanged. A will and a codicil must be construed together in order to ascertain the intent of the testator. *Garnett* v. *Clayton*, 222 Ark. 324, 260 S.W.2d 441 (1953). That is what the probate judge did and his finding will not be disturbed.

The appellee has requested that this court order appellant to pay appellee's costs incurred in ordering a transcript. Appellant only ordered a transcript of the proceedings of the temporary hearing and did not set out with clarity the points of appeal. Appellee maintains appellant should have paid for the cost of the complete transcript of the final hearing. Rule 6 (b) of the Rules of Appellate Procedure provides:

> . . . If the appellant has designated less than the entire record or proceeding, the appellee, if he deems a transcript of other parts of the proceedings to be necessary, shall, within ten (10) days after the filing of the notice of appeal, file and serve upon the appellant (and upon the court reporter if additional testimony is designated) a designation of the additional parts to be

included. The appellant shall then direct the reporter to include in the transcript all testimony designated by appellee.

The appellee did not notify the appellant that it deemed a transcript of other parts of the proceedings to be necessary. Instead, it ordered a transcript of all other proceedings and asks reimbursement for those costs. We make only the proper adjustment to costs. Those parts of the transcript supplied by appellee which contain the deposition of the bank trust officer and the findings of fact by the trial court, found at transcript pages 95 and 96, were necessary for the decision of this appeal. Costs are ordered awarded for these parts of the transcript. Costs are denied for the remainder of the transcript because it concerns the mental capacity of the testatrix, which is not on appeal, and could not have been thought by appellee to be on appeal after reading the designated points of appeal.

Affirmed.