Dell Comer RUSHING, et al.
*v.* Joseph H. MANN, Jr., and Lawanda (Mann) West

95-487                                                     910 S.W.2d 672

Supreme Court of Arkansas
Opinion delivered November 20, 1995

*Overby Law Firm. P.A.*, by: *Phillip E. Norvell* and *Thomas L. Overby*, for appellants.

*Eldridge & Eldridge, P.A.*, by: *John D. Eldridge*, for appellees.

DAVID NEWBERN, Justice. Andrew Comer died in 1951. In his will he devised 160 acres of land as follows: "I give and devise unto my niece, Elizabeth Swanson, for her life, with remainder at her death to Lester Mann for his life, and then unto his bodily heirs, or if no bodily heirs, then to Claude Mann in fee simple." Claude Mann died in 1954. Lester Mann died without bodily heirs in 1989. Elizabeth Swanson died in 1992. Claude Mann's heirs, the appellees, sued Andrew Comer's heirs, the appellants, and asked for a declaratory judgment interpreting the devise and for a decree quieting title. The Chancellor awarded summary judgment to the Mann heirs. He held, attempting to ascertain Mr. Comer's intent from the four corners of the will, that Claude Mann's interest was a vested fee simple remainder subject to defeasance. As the defeasance did not occur, the Mann heirs prevailed.

The Comer heirs contend Claude Mann's interest was a contingent remainder alternative to the one devised to the bodily heirs of Lester Mann. They say the land comes to them due to their reversionary interest because neither contingent remainder vested. We agree with their argument and reverse.

Had the devise been to Elizabeth Swanson for life with the remainder to Lester Mann worded, "to Lester Mann and the heirs of his body," Lester Mann would have had a fee simple absolute subject to the life estate in Ms. Swanson. *Pickens* v. *Black*, 318

Ark. 474, 885 S.W.2d 872 (1994); *Bowlin* v. *Vinsant*, 186 Ark. 740, 55 S.W.2d 927 (1933). In view, however, of the fact that the devise to Lester Mann was, *"for his life,* and then unto his bodily heirs," it is clear that the *Pickens* and *Bowlin* cases do not apply for the intent of the devisor was to limit Lester Mann's interest to that of a life estate.

A remainder which is dependent upon a contingency which may not arise or which is granted to a person not in existence and who may not come into existence is contingent. *See Fletcher* v. *Hurdle,* 259 Ark. 640, 536 S.W.2d 109 (1976); *Wise* v. *Craig,* 216 Ark. 144, 226 S.W.2d 347 (1949). Thus, neither Claude Mann nor the bodily heirs of Lester Mann can be said to have had a vested remainder. As Lester Mann died without issue but Claude Mann died with heirs who could succeed to the "fee simple" granted to him in remainder, the question becomes whether Claude Mann's heirs have an interest which vested despite the fact that Claude Mann did not survive the life tenant, Elizabeth Swanson.

The Comer heirs argue Claude Mann's heirs have no interest because the *Fletcher* and *Wise* cases hold that an alternative contingent remainderman, such as Claude Mann, takes no interest if he does not survive the preceding life tenant.

The cases cited in response by the Mann heirs are *Cox* v. *Danehower,* 211 Ark. 696, 202 S.W.2d 200 (1947), and *Bell* v. *Gentry,* 141 Ark. 484, 218 S.W. 194 (1920). In the *Bell* case, the devise of the testator was A to his widow for life or until her remarriage and upon her decease or remarriage to "my children and their bodily heirs in the following manner: . . ." Thereafter the testator named his two children and specified the lands each was to receive. We held that, upon the death of the widow, each child took the land specified in fee, the remainder having been fixed "when the remainder was cast." In an *obiter dictum* we said, "Had they [the children] or either of them died in the lifetime of their mother, their bodily heirs would have taken the fee; and these bodily heirs would have taken as devisees under the will . . . they being special, or bodily heirs, *in esse,* when the event happened upon which the remainder was to vest, that is the death of the testator's widow."

In the *Cox* case, the testator devised land to his son, Joseph

Cox for life and at death to the heirs of his body, but if Joseph Cox should die without bodily heirs, then to "brothers and sisters and the heirs of their bodies." Joseph Cox died without bodily heirs, and two of his siblings predeceased him. The heirs of the siblings living at the time of Joseph Cox's death claimed the heirs of the siblings who predeceased Joseph Cox had no interest in the land. On the basis of the *obiter* in *Bell* v. *Gentry* we held the heirs of the siblings who had predeceased Joseph Cox took their parents' shares *per stirpes.*

To the extent that *Bell* v. *Gentry* may have been applicable in the *Cox* case, it was because the heirs seeking to recover were "fixed," and they were "special heirs" rather than the general ones who claim pursuant to the grant to Claude Mann in this case. Here we have nothing more than the "general" heirs of Claude Mann seeking to recover an interest which, according to *Fletcher* v. *Hurdle, supra,* and *Wise* v. *Craig, supra,* did not vest because the person to whom a contingent interest in the land was devised predeceased the life tenant.

*Cox* v. *Danehower* is at least ostensibly distinguishable on the basis that, as in *Bell* v. *Gentry,* the heirs were "special" and in esse rather than "general" heirs yet to be determined. We distinguished the *Fletcher* case and the *Cox* case in *Pickens* v. *Black, supra,* on the basis of the specific language of the grants.

While it was appropriate for the Chancellor to look to the four corners of the will to determine the intention of the testator, as we said in the *Fletcher* case, the purpose of doing so must be to ascertain not what was in the mind of the testator but what his words meant. The words of the testator must be tested against the cases which have expressed rules of property such as the one found in the *Fletcher* and *Wise* cases. The Chancellor properly declined to consider testimony about the intent of the testator.

Our holding is that Claude Mann's contingent remainder ceased to exist when he predeceased Elizabeth Swanson. We remand the case to the Chancellor for an order consistent with this opinion.

Reversed and remanded.